OPINION
Defendant-appellant, Roger Porter, was indicted on four felony counts consisting of two counts of involuntary manslaughter, one count of aggravated burglary, and one count of felonious assault. He ultimately pled guilty to one count of involuntary manslaughter and, after an oral hearing taking his guilty plea, the sentencing judge of the Franklin County Court of Common Pleas filed a sentencing entry on January 24, 1992, imposing an eight to twenty-five year sentence. No appeal was filed.
The next court action by appellant was his motion for super shock probation filed April 6, 1994. In that motion signed under oath by appellant, he stated that he had entered a guilty plea to the charge of involuntary manslaughter and "recieved [sic] a sentence of eight to twenty-five years." On August 23, 1999, appellant filed a motion for leave to withdraw his guilty plea or, in the alternative, to vacate and set aside the judgment of conviction and sentence. In appellant's motion, he alleges that he only recently became aware that his maximum sentence was twenty-five years, rather than fifteen years, and that he would not have entered a guilty plea had he known that the maximum term would be twenty-five years.
The trial court overruled appellant's motion without granting him an evidentiary hearing.
In his appeal, appellant asserts the following assignments of error, which are combined for discussion:
 I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PETITIONER BY FAILING TO HOLD AN EVIDENTIARY HEARING AND SUMMARILY DISMISSING HIS PETITION FOR POST-CONVICTION RELIEF.
 II. PETITIONER'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION, AS WELL AS THE ANALOGOUS PROVISIONS OF THE OHIO CONSTITUTION WERE VIOLATED WHERE COUNSEL AND THE COURT ADVISED HIM THAT HIS MAXIMUM SENTENCE WOULD BE FIFTEEN (15) YEARS IN ORDER TO INDUCE HIM TO WAIVE HIS RIGHT TO A TRIAL (AND ALL RELATED RIGHTS) AND THEN SECRETLY IMPOSED A MAXIMUM SENTENCE OF TWENTY-FIVE (25) YEARS.
Appellant seeks leave to withdraw his guilty plea on the basis that he thought that his maximum sentence was fifteen years (as a matter of law, the maximum sentence for involuntary manslaughter must be twenty-five years and a fifteen-year maximum would be an illegal sentence).
The record from the January 1992 guilty plea hearing shows that appellant conferred with his counsel and agreed to plead guilty to one count of involuntary manslaughter, having signed a form which correctly informed him of the twenty-five year maximum. Initially, in the guilty plea hearing, the trial court correctly stated the guilty plea agreement. However, unfortunately, later in the hearing, the trial court twice erroneously stated that the maximum part of the sentence would be fifteen years. The court in all probability was concentrating on his discretionary choice of the minimum term of either five, six, seven, eight, nine or ten years. At the hearing, neither the prosecutor nor the defense counsel corrected the court's erroneous statement. (While it may be unreasonable to expect that defense counsel would inform the court of a correction that would be adverse to his client's interest, it is reasonable to expect a prosecutor to listen to the court's statements in the sentencing and to help the court avoid the error that has led to this appeal.)
When the sentence was put into writing and filed two days thereafter, the court correctly listed twenty-five years as the maximum sentence. Neither defense counsel nor his attorney objected to the written entry.
Appellant now seeks to convince the court that he was never aware of the judgment which was actually entered containing the twenty-five year maximum sentence and that he would have not pled guilty had he known that his maximum term would be twenty-five years rather than fifteen years.
The state of the record before the trial court, who decided that an evidentiary hearing was not required, is that the only evidence concerning appellant's recent knowledge that his maximum sentence is twenty-five years is his statement in submitting his motion to withdraw his guilty plea. On the other side of the coin, there is appellant's sworn affidavit that he knew in 1994, after he had been in prison for over two years, that his sentence was eight to twenty-five years. Appellant's statement in 1994, that he knew his sentence contained a provision for a maximum of twenty-five years, completely reputes his self-serving 1999 statement that his knowledge was only recent. We refuse to indulge in speculation advanced by appellant's counsel that appellant may not have read his 1994 affidavit which might have been prepared by a jailhouse lawyer.
We are then confronted with the fact that appellant knew that he had been sentenced to a maximum of twenty-five years in April 1994. Is it at all likely that April 1994 was the initial time when appellant discovered that the judgment entry contained a twenty-five year maximum sentence? It strains our credibility beyond belief to come to any possibility that was the case. Appellant, at that time, had been in prison for over two years. He was filing motions to get out of prison. We find it hard to believe that he would not raise a question about whether his maximum sentence should have been fifteen years if it came to his knowledge for the first time in 1994, rather than when sentenced. According to the record, he was informed of the twenty-five year maximum sentence by his attorney when he decided to sign the guilty plea form, which also contained that information. He was also informed of that maximum provision in the initial part of the trial court's guilty plea hearing. An entry containing the twenty-five year provision was filed two days later. While there is no evidence on record that defense counsel supplied him with a copy of the sentencing entry, that normally would be the case.
We conclude, as did the trial court, that appellant's self-serving statement denying knowledge of his maximum sentence is adequately negated by evidence in the record and the court did not err in denying him an evidentiary hearing.
Appellant, a defendant who seeks to withdraw a plea of guilty after the imposition of sentence, has the burden of establishing manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261; Crim.R. 32.1. Under this standard, a post-sentence motion to withdraw a guilty plea is cognizable only in extraordinary cases. The burden of establishing manifest injustice is upon the individual seeking vacation of a plea. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v. Smith (1977),49 Ohio St.2d 261, paragraphs two and three of the syllabus.
For the reasons previously stated, the trial court did not abuse its discretion in denying appellant leave to withdraw his guilty plea. Determination of appellant's motion was not a sham proceeding and was based upon a reasonable analysis of the law as applied to only the facts in the record. While appellant is entitled to the constitutional rights outlined in appellant's brief, we find that none of his constitutional guarantees were violated in denying him the relief that he seeks.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 _______________________ JUDGE McCORMAC
PETREE and BROWN, JJ., concur.